IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY A. MANEVAL, | : | No. 4:07-CV-893 |
| | : | |
| Plaintiff, | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social | : | |
| Security, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

**July 9, 2008**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On May 9, 2008, Magistrate Judge Thomas M. Blewitt ("Magistrate Judge Blewitt" or "the Magistrate Judge") filed a Report and Recommendation ("Report") reviewing the appeal of the Commissioner's decision to deny Plaintiff Henry A. Maneval's ("Plaintiff" or "Claimant") claim for Social Security Disability Insurance Benefits ("DIB"), which was filed under Title II of the Social Security Act ("the Act").  See 42 U.S.C. §§ 401-433.  (Rec. Doc. 15).  Magistrate Judge Blewitt recommended that the appeal be denied.

Objections to the Report were due by May 27, 2008, and to date, none have

been filed. Thus, this matter is ripe for our disposition.

**PROCEDURAL HISTORY:**

Plaintiff filed the instant application for DIB on October 28, 2003, alleging disability since August 19, 2003. In his application, Plaintiff attributes his alleged disability to a heart condition, diabetes mellitus, asthma, and allergies. His claim was denied initially, prompting Plaintiff to timely file a request for hearing.

Said request was granted, and on July 19, 2005, a hearing was held before an Administrative Law Judge ("ALJ"), during which Plaintiff and vocational expert Andrew Caporale ("VE" or "VE Caporale") testified. On August 15, 2005, the ALJ issued a decision awarding Plaintiff DIB as of June 4, 2005, but not prior thereto.

Plaintiff subsequently requested review of the ALJ's decision by the Appeals Council, which was denied on March 16, 2007, making the ALJ's decision the final decision of the Commissioner.

Pursuant to 42 U.S.C. § 405(g), Plaintiff then appealed the Commissioner's final decision by filing, pro se, his Complaint with this Court on May 16, 2007. (Rec. Doc. 1). Therein, Plaintiff indicates that he "firmly believe[s] that the decision of the Law Judges and Council is flawed . . . ," and he appears to seek a reversal of that portion of the decision which was unfavorable to him. See id. at 1.

**STANDARDS OF REVIEW:**

    **A.    Review of Magistrate Judge's Report**

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

    **B.    Review of the Denial of Disability Benefits**

A district court's review of the denial of disability benefits, however, is more limited. The court's role is to "determine whether there is substantial evidence to support the Commissioner's decision." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (citing Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (citing Pierce v. Underwood, 487 U.S. 552 (1988)). "It is less than a preponderance of the evidence but more than a mere scintilla." Jones, 364 F.3d at

503 (quoting Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995)). "Overall, the substantial evidence standard is a deferential standard of review." Id. (citing Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999). "Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).

### C. Eligibility Evaluation Process

To receive disability benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A.)  Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). A five-step evaluation process is used to determine if a

claimant meets these eligibility requirements. 20 C.F.R. § 404.1520; see Jones, 364 F.3d at 503. If the Commissioner finds that a claimant is not disabled at any step in the process, the review does not proceed, and the claimant is not eligible for benefits. 20 C.F.R. § 404.1520(a)(4).

At step one, the claimant must establish that he has not engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is working and the work is substantial gainful activity, he will found to be not disabled regardless of medical condition, age, education, or work experience. 20 C.F.R. § 404.1520(b). At step two, the claimant must establish that he has a "severe impairment." 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have any impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities, he is not disabled. 20 C.F.R. § 404.1520(c).

If the claimant does suffer from a severe impairment, at step three, the Commissioner must determine whether the evidence establishes that the claimant's impairment meets or equals those severe impairments listed in Appendix 1, Subpart P, Regulations No. 4. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically eligible for benefits. 20 C.F.R. § 404.1520(d.) On the other hand, if the claimant does not suffer from a listed impairment or its equivalent, the

Commissioner proceeds to step four and determines whether the claimant retains the "residual functional capacity" to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520(e)-(f.)

The claimant bears the burden of demonstrating an inability to return to his past relevant work. Plummer, 186 F.3d at 428. If the claimant meets this burden, the evaluation continues to step five, where the burden then shifts to the Commissioner to demonstrate that other jobs exist in significant numbers in the national economy that the claimant is able to perform, consistent with his medically determinable impairments, functional limitations, age, education, work experience, and vocational factors. 20 C.F.R. § 404.1520(a)(4)(v); Plummer, 186 F.3d at 428. If the Commissioner demonstrates that the claimant can make an adjustment to any other work, the claimant is ineligible for benefits. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

**FACTUAL BACKGROUND:**

Magistrate Judge Blewitt's Report amply sets forth the factual background of this case as derived from the certified record of the proceedings. The Court will only briefly summarize that background here, and unless otherwise noted, all facts are derived from the Report.

### A. General Information

At the time of his hearing before the ALJ, Plaintiff was a fifty (50) year old with a high school education. Given Plaintiff's age at the time of the hearing, he is considered a "person closely approaching advanced age" under the Regulations. 20 C.F.R. §§ 404.1563(d), 416.963(d). Plaintiff's past work experience includes employment as a truck driver, a dispatcher, a weight scale operator, a cleaner, an assembler and a clerk.

### B. Plaintiff's Testimony

During the hearing before the ALJ, Plaintiff testified in some detail as to his ailments: cardiomyopathy, diabetes, asthma, stomach problems due to a hiatal hernia, swelling of the feet, and allergies. Plaintiff also testified about the treatment he undergoes for said aliments, which includes medication for his heart condition, medication and adherence to a special diet for his diabetes, medication (Advair) and an inhaler for his asthma, and medication (Lasix) for the swelling of his feet. Plaintiff related that certain of the medications he takes cause side effects such as drowsiness and the frequent need to use the restroom.

Plaintiff further indicated that these ailments and the side effects of the treatments therefor lead him to believe that he cannot work because he cannot sit for extended periods of time and he must nap. Indeed, Plaintiff testified that he

7

lays down approximately three (3) to four (4) times per day. One specific example offered in support of the proposition that Plaintiff could not work was that Plaintiff can no longer go fishing alone because he falls asleep while fishing.

However, during the hearing, Plaintiff also testified that he lives alone and takes care of his apartment. During the day, Plaintiff uses the computer, does housework, watches movies, and naps.

Moreover, particularly relevant to the period at issue herein is a November 29, 2003 disability questionnaire that Plaintiff completed. Therein, he indicated that "he cares for his dog, takes care of his own personal needs, mows the lawn, does yard work, drives a car when necessary, changes the oil and filter in his car, grocery shops, hunts and fishes."[1] (Rec. Doc. 15 at 10). Further, Plaintiff reported that he could "walk one flight of stairs, walk a half mile and sit for two hours at a time." Id.

    C.    **Medical Evidence**

Although no medical experts testified during Plaintiff's hearing, there is extensive medical evidence in the record. Such evidence includes voluminous medical records and/or statements from such physicians as Dennis R. Smith, M.D.

---

[1] On the questionnaire, Plaintiff revealed that he no longer has the ability to hunt and fish as he previously did.

("Dr. Smith"), a cardiologist who treated Plaintiff; Oliver T. Finch, M.D. ("Dr. Finch"), a Disability Determination Services ("DDS") physician; and Kathleen Horne, M.D. ("Dr. Horne"), Plaintiff's primary care physician. The medical evidence from these physicians provides significantly more detail as to Plaintiff's impairments than need be restated here (see, e.g., doc. 15 at 5-7).

The physicians' pertinent conclusions as to the impact of Plaintiff's ailments and treatments on his ability to work follow: Dr. Smith opined that Plaintiff is capable of performing less than sedentary work, Dr. Finch concluded that Plaintiff is capable of performing a range of light duty work, and Dr. Horne indicated that Plaintiff is capable of performing less than sedentary work and is not able to perform sustained activity for any longer than three (3) hours at a time.

### D. Vocational Expert Testimony

VE Caporale testified that Plaintiff would be capable of performing sedentary work with a sit/stand option. He also identified such jobs as a food and beverage order clerk, a call out operator, and an eyeglass frame assembler as providing possible employment options. However, VE Caporale also testified that Plaintiff's need to use the restroom every thirty (30) minutes would hinder his ability to perform full-time employment.

### E. ALJ's Determination

In short, after her review of all of the evidence, the ALJ determined that pursuant to Medical-Vocational Rule 201.14, Plaintiff was disabled as of June 4, 2005, his 50th birthday, but not prior thereto. See 20 C.F.R. Pt. 404, Subpt. P., App. 2, Table No. 1, Rule 201.14. The ALJ's conclusion was based upon her evaluation of the medical evidence, including the physicians' opinions, as well as the testimony and other pertinent information provided by Plaintiff and the VE.

As relevant to the ALJ's determination that Plaintiff was not disabled prior to June 4, 2005, several aspects of her rationale are notable. For example, the ALJ found Plaintiff's subjective complaints of pain and limitation were overstated and not supported by the objective medical evidence. This finding was based on, inter alia, Plaintiff's self-reported activities on the November 29, 2003 questionnaire. By way of further example, the ALJ determined that the conclusions of Drs. Horne and Smith did not accord with the results of their assessments of Plaintiff, which indicated an ability to perform sedentary work; and that Dr. Finch erroneously concluded that Plaintiff was capable of performing light duty work. See 20 C.F.R. § 404.1567(a) (defining sedentary work). Accordingly, the ALJ rejected the opinions of Drs. Smith and Finch and did not accord great weight to the opinion of Dr. Horne. Finally, the ALJ credited the VE's testimony that Plaintiff would be capable of performing certain work, namely sedentary work with a sit/stand option,

in the economy.

**DISCUSSION:**

In his Report, Magistrate Judge Blewitt reviewed the ALJ's determination that Plaintiff was capable of performing sedentary work prior to June 4, 2005, and, thus, not disabled during that period. (See Rec. Doc. 15). Following his comprehensive review of the circumstances relevant to said inquiry, the Magistrate Judge engaged in a thorough analysis as to the propriety of the ALJ's determination. We have been presented with no reason to doubt the soundness of the Magistrate Judge's determinations, and our careful reading of the Report revealed none.

Indeed, our review of the Report, the record, and relevant authorities leads us to agree with the learned Magistrate Judge's conclusion that "substantial evidence . . . support[s] the Commissioner's decision" that Plaintiff was not disabled prior to June 4, 2005, his 50th birthday. Jones, 364 F.3d at 503 (citing Plummer, 186 F.3d at 427). Simply stated, the ALJ's decision reflects careful consideration of all relevant evidence, as demonstrated by her critical evaluation of the conflicting medical opinions. Moreover, the ALJ's credibility determination as to Plaintiff's testimony, that his symptoms prior to June 4, 2005 were overstated and not supported by the objective medical evidence, is clearly supported by

substantial evidence, including the information provided by Plaintiff himself in the November 29, 2003 questionnaire.  (See also Rec. Doc. 15 at 5-7  (summarizing the results of medical testing)).  Accordingly, we will not disturb on appeal the ALJ's credibility determination as to that aspect of Plaintiff's testimony.  See Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983).  Further, in light of the ALJ's reasonable determination as to Plaintiff's credibility on the issue of severity of impairment prior to June 4, 2005, we find the ALJ's acceptance of the VE's conclusion that Plaintiff was capable of sedentary work prior to June 4, 2005, to be entirely appropriate.

**CONCLUSION:**

For the foregoing reasons, we will adopt the Report in its entirety and deny Plaintiff's appeal.

An appropriate Order shall issue.